In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-2123

FRANKIE NELSON,

*Plaintiff-Appellant,*

*v.*

COUNTY OF COOK,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-06146 — **Martha M. Pacold,** *Judge.*

ARGUED FEBRUARY 26, 2025 — DECIDED AUGUST 25, 2025

Before ROVNER, SCUDDER and KOLAR, *Circuit Judges.*

ROVNER, *Circuit Judge.* Frankie Nelson worked at Provident Hospital, part of the Cook County Health and Hospital System, from 1997 until she voluntarily retired in 2010. In January 2020, she filed this suit in the district court, alleging that Cook County violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d). The district court granted summary judgment in favor of the defendant on both claims.

On appeal, Nelson challenges only summary judgment as to the Title VII claim.

Nelson was hired in 1997 at Provident Hospital for the position of Environmental Services Supervisor, a position later renamed Building Services Supervisor. That job was a union position with a fixed hourly rate and eligibility for overtime pay. In October 2004, Nelson received a raise and promotion to the position of Building Custodian I, also a union position, and remained in that position until her retirement in 2010. In August 2002, Nelson was recognized to be the Acting Assistant Director of Environmental Services, and beginning in 2003 she split the duties of that position with Henry White, who was a Building Services Supervisor. They performed those duties in addition to their regular job duties, with each performing different functions of that position. Nelson served as manager of operations and White managed the administrative functions of that position. That continued until August 2005, when Nate Gordon became Director of Environmental Services ("Director") at Provident, at which time Gordon became Nelson's direct supervisor. Gordon succeeded Jerry Brown, who was the Director of Environmental Services from September 2000 until June 2005, and Nelson reported to him during that time.

In her Title VII claim, Nelson alleges that she received discriminatory treatment on the basis of sex, and specifically that she was paid less than similarly situated males. Her claim of pay disparity based on sex discrimination focuses solely on the period of time from 2002 to 2005. The district court granted summary judgment in favor of the defendant on that claim, and Nelson raises two challenges to the grant of sum-

mary judgment. First, she argues that the district court considered her claim only under the *McDonnell Douglas* burden-shifting analytical framework and failed to also apply the totality of the evidence approach set forth in *Ortiz*. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 766 (7th Cir. 2016). And second, she contends that the court erred in concluding that White was not a valid comparator.

Turning to the first challenge, the district court in its oral decision explained that discrimination could be demonstrated using the *McDonnell Douglas* framework or the totality of the evidence standard set forth in *Ortiz*. The court explicitly noted that under *Ortiz*, "the core question in any employment discrimination case is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment [action] at issue" and that "[w]hen using this approach, courts ask only whether the totality of the evidence shows discrimination, eschewing any framework or formula." Dist. Ct. Transcript 5-30-24 at 8–9 (quoting *Johnson v. Soo Line R.R. Co.*, 2022 WL 540758, at *10 (N.D. Ill. Feb. 23, 2022)); see also *Ortiz*, 834 F.3d at 766. And the court further recognized that the ultimate question is always whether the evidence would permit a reasonable factfinder to conclude that there would have been no disparity in pay if the protected characteristic was different and everything else remained the same. *Id.* at 10. Although the court discussed the *McDonnell Douglas* factors at length in analyzing Nelson's claim, that was because Nelson sought to rely upon the difference in pay between herself and other employees to provide an inference of discrimination sufficient to survive summary judgment. That approach employs the

*McDonnell Douglas* framework to establish the inference of discrimination, and the district court properly focused on that test in assessing Nelson's claim. In fact, the district court recognized that "'in the wake of *Ortiz*, the *McDonnell Douglas* framework is just a formal way of analyzing a discrimination case when a certain kind of circumstantial evidence, evidence that similarly situated employees not in the plaintiff's protected class were treated better, would permit a jury to infer discriminatory intent.'" Dist. Ct. Tr. at 9, App. at A-11, quoting *Lewis v. Wilkie*, 909 F.3d 858, 867 (7th Cir. 2018). Because Nelson sought to rely on similarly situated employees to establish the inference of discrimination, the court properly addressed whether that inference was supportable under the *McDonnell Douglas* factors. There is no support in the record for the argument that the court misunderstood the legal standard or failed to properly consider it.

Nelson simply failed to produce sufficient facts supporting her claim of discrimination, and fails to point out sufficient facts on appeal as well. She relied in the district court on the argument that three other employees similarly-situated to her received higher pay than her. Those employees were White, who shared the Acting Assistant Director position with her, and Gordon and Brown, who each held the position of Director. The district court rejected that argument because those employees were not similarly-situated to her, in that they did not have the same job duties, education, or experience as she had, and that as to White, Nelson did not provide evidence supporting the alleged wage disparity.

On appeal, Nelson focuses on White but fails to address the basis upon which the district court rejected that argument. The district court held that Nelson did not submit pay stubs

or records for White which would support her claim of a disparity in compensation between White and Nelson or would create a genuine issue of fact as to that issue. On that basis alone, the comparison with White could not support a claim of pay disparity. The court then proceeded to hold that even if Nelson had submitted such evidence, and there was a discrepancy in pay, White was still not a valid comparator. The court expounded that they performed different functions in the job that they shared with vastly different duties, and they did not have comparable experience, education, or qualifications in that White possessed an associate's, bachelor's, and master's degree and Nelson lacked a college degree.

Nelson on appeal addresses only the second argument. She does not even acknowledge the court's holding that she failed to provide evidence to support her claim of a pay disparity with White, and accordingly does not point our court to any evidence in the record that would refute that holding by the district court. Because that holding is unchallenged in this court and provides an independent basis to reject the comparison with White, we need not address Nelson's challenge to the alternative holding by the district court that White and Nelson did not have similar jobs or qualifications. The failure to provide evidence of White's compensation alone prevents a finding of disparate pay as to White. *See Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017) (holding that the appellant failed to challenge the district court's reasons for granting summary judgment and therefore waived any claim of error).

Nelson makes only cursory references to the other two alleged comparators in her brief, Gordon and Brown, who each served as Directors. She complains briefly that she was more

capable than either of them of performing the job of Director, but that she never received the promotion and pay of a Director. Her complaint, however, does not allege discrimination in promotions or hiring, but asserts only disparate pay for comparable work, and she does not assert that she ever applied for the job of Director. In general, in order to establish that a comparator is similarly situated, the plaintiff must present evidence of "'enough common factors … to allow for a meaningful comparison in order to divine whether intentional discrimination was at play.'" *Coleman v. Donahue*, 667 F.3d 835, 847 (7th Cir. 2012), (quoting *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th Cir. 2007)). As to her claim of disparate pay, the court properly held that Brown and Gordon were not valid comparators. They each held a different position than Nelson, reported to a different supervisor, and were in fact her supervisors. As such, they were not engaged in materially-similar jobs such that a difference in pay could evidence discrimination.

Accordingly, the court applied the correct law and properly granted summary judgment in favor of the defendants. The decision of the district court is AFFIRMED.